Aguiar, J.
This appeal raises the issue of whether the trial court erred in ordering judgment for the plaintiff in the sum of $1.00 for nominal damages.
We find there was no error.
This complaint arises from an arson fire of a studio and its contents destroyed by the fire of property owned by the plaintiff, Dona M. Kerins. The fire was set by three juveniles, Christopher M. Rule, James Hannan, and Kevin Dmytryck. The defendants, Linda McConnell and Joseph Hannan, are the parents of the juvenile, James Hannan. The cases against the foster parents of Christopher M. Rule and the parent of Kevin Dmytryck have previously been resolved. See Kerins v. Lima, 425 Mass. 108, 680 N.E. 2d 32 (1997) (holding foster parents not liable for willful act of their foster child); and Writ of Execution on Money Judgment as to Margaret Dmytryck which is part of the file in this action. Dmytryck held liable for $5,000.00 damages.
Under M.G.L.c. 231, §85G parents are responsible for willful acts of destruction by their children subject to a $5,000.00 limit of liability.
Each set of parents is potentially liable up to the $5,000.00 limit of liability.
The recovery of a judgment for an injury against one tortfeasor shall not of itself discharge the other tortfeasors from liability for any injury unless the judgment is satisfied M.G.L.c. 231B, §3(e).
In mitigation of damages, a defendant is entitled to show in evidence the amount of money paid by a joint tortfeasor on account of the same injury. Fritsch v. Boston Edison Co., 363 Mass. 179, 293 N.E. 2d 264 (1973).
Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses. Mass. R. Civil Pro. Rule 52 (c).
The trial justice determines the facts from the evidence presented at the trial and may believe or disbelieve any or all of the testimony, even if uncontradicted. The credibility of the witness is exclusively for the trial judge.
The plaintiff testified that the studio contained heat and electric, and had been remodeled in 1978 with new wiring, new lighting, white stucco walls, beam ceilings and a skylight at a cost of $25,000. She also testified that the contents of the studio at the time of the fire (February 2, 1994) included an antique sofa worth $3,000, an antique spool bed worth $1,500, a newer sofa, a matching chair, a coffee table, end tables, an antique dresser and a regular dresser worth $3,000 as well as some of her husband’s commercial artworks.
Cynthia Coffin, a Health Agent of the Town of Bourne, testified that in 1992 the studio was in a state of disarray and disrepair. She also testified to the occurrence and report of a fire which caused some damage to the wiring and walls of the stu *150 dio in that same year and that the Board of Health ordered the shed to be secured or removed.
Robert Laporte, Town of Bourne Building Inspector, testified that he inspected the studio in 1992 also, and that the outbuilding was in disarray, that there was no door, that there was a hole in the ceiling and that the building had been completely trashed.
Defendant McConnell testified that the building was falling down in disrepair and that on January 1994, or immediately prior to the fire in question on February 2, 1994 that it was an abandoned building that kids were using all the time as a place to drink alcohol.
James Hannan testified that “the building had trash bags everywhere. There was broken glass, beer bottles, liquor bottles, a coal stove, no lights, a hole in the ceiling, no front door, a ripped mattress, no bed frame, carvings and nail polish on the coffee table, and no artwork.”
There was evidence that the outbuilding was assessed by the Town of Bourne at $2,600.
There was evidence that the plaintiff left her home for about ten months in 1997 and she testified that there was no fire in 1992 and that she had no knowledge of any investigation by municipal officials concerning any alleged fire in 1992. She also testified that she was in the studio about three days before the fire in 1994 and that there were no holes in the ceiling, and that there was a door on the building.
The trial judge ordered judgment for the plaintiff in the sum of $1.00 for nominal damages.
We find there was no error.
The trial judge was obviously free to reject the testimony of the sole witness offered by plaintiff Dona M. Kerins (herself) and instead, credit testimony of the defendant, her son, and two disinterested municipal employees who all testified that the building was dilapidated and the contents worthless.
The plaintiff has already been awarded $5,000.00 from a joint tortfeasor. The trial judge obviously believed that the damages suffered by the plaintiff concerning this fire had been satisfied in full. A plaintiff cannot properly receive remuneration in excess of her actual damages.
There was ample evidence to support the judge’s decision.
We find there was no abuse of his discretion.